IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| CORE GROUP INC., | * | Chapter 11 |
| d/b/a THE INTERACTIVE CORE, | * | |
|     Debtor | * | |
| | * | Case No.: 1-05-bk-03952MDF |
| CORE GROUP INC., | * | |
| d/b/a THE INTERACTIVE CORE, | * | |
|     Plaintiff | * | |
| | * | |
|     v. | * | Adv. No.: 1-05-ap-00114 |
| | * | |
| CYNTHIA BARBUSH, | * | |
|     Defendant | * | |

## OPINION

### Procedural History

Before the Court is a motion for summary judgment in an action filed by CORE Group, Inc. ("Debtor") to recover payments made to Cynthia Barbush ("Barbush") within ninety days of the filing of Debtor's bankruptcy petition. In its complaint, Debtor alleges that the payments were preferential pursuant to 11 U.S.C. § 547. Section 547(b) provides that certain payments made by a debtor to a creditor within ninety days prior to filing a bankruptcy petition may be "avoided" by the bankruptcy trustee or the debtor.[1] If a payment is avoided, the person or entity to whom the transfer was made may be compelled to return the funds to the bankruptcy estate under 11 U.S.C. § 550.

---

[1] While Section 547(b) names the trustee as the entity empowered to avoid preferential transfers, Section 1107 gives a Chapter 11 debtor the powers of a trustee, including avoidance powers under Section 547.

1

Case 1:05-ap-00114-MDF    Doc 40    Filed 12/23/05    Entered 12/23/05 11:17:04    Desc
Main Document      Page 1 of 10

Debtor seeks to recover a payment made to Barbush on May 12, 2005, thirty-two days before Debtor filed its bankruptcy petition. Acting as her own attorney, Barbush filed an answer to the complaint. In response to Barbush's answer, Debtor filed a motion for summary judgment alleging that Barbush failed to raise any issues of fact or law to support her allegation that the payment was not preferential. Barbush responded by filing an objection to the motion. For the reasons stated herein, Debtor's motion for summary judgment is granted.[2]

**Factual Findings**

On May 12, 2005, Debtor delivered a check in the amount of $6,250.00 to the law firm of Wix, Wenger & Widener ( the "Wix firm") in settlement of a contractual dispute with Barbush. The exact nature of the dispute is not known and is not critical to the resolution of the controversy in the instant proceeding. The check was made out to an attorney in the Wix firm who represented Barbush in the lawsuit.[3] The check was deposited into the client escrow account at the Wix firm, and on May 16, 2005, a check from the account in the amount of $3608.26 was deposited into Barbush's bank account.

---

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(K) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

[3] The payment check sent by Debtor to the Wix firm has not been made part of the record. However, in her Amended Answer to the Complaint, Barbush states that the check was made payable to her former attorney, Steven Williams (Amended Answer, para 5). Debtor has not disputed this representation of fact and, indeed, references paragraph 5 of Barbush's Amended Answer.

**Discussion**

*a.     Summary judgment standard*

Summary judgment should be granted where no genuine issue of material fact exists for resolution at trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is not required to produce evidence to disprove the opponent's claim, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), but does have the burden to demonstrate the absence of any genuine issue of material fact. If the movant has produced evidence in support of summary judgment, then the party opposing the motion must counter with evidence that demonstrates the existence of a genuine issue of fact. Fed.R.Civ.P. 56(e). To meet its burden, the opposing party must "set forth specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552.

*b.     Avoidance of the transfer under 11 U.S.C. § 547(b)*

Under 11 U.S.C. § 547(b), a debtor in possession may avoid a transfer of property made by the debtor within 90 days before the date the bankruptcy petition was filed, subject to certain exceptions under subsection (c). *Barnhill v. Johnson,* 503 U.S. 393, 394, 112 S.Ct. 1386, 1387 (1992). "These payments are regarded as 'preferential,' and thus avoidable, because they allow the favored creditor to receive more than if he had to wait in line with other creditors and share with them what is usually rather slim pickings from the debtor's estate." *Kleven v. Household Bank F.S.B.*, 334 F.3d 638, 641 (7th Cir. 2003). "[T]he purpose of the avoidance provision is to preserve the property includable within the bankruptcy estate – the property available for distribution to creditors." *Begier v. I.R.S.,* 496 U.S. 53, 58, 110 S.Ct. 2258, 2263 (1990). Another purpose of the avoidance power is to "discourage creditors from racing to the

3

courthouse to dismember the debtor during its slide into bankruptcy and to further the prime bankruptcy policy of equal distribution among similarly situated creditors." *In re JWJ Contracting Co., Inc.*, 371 F.3d 1079, 1081 (9th Cir. 2004).

The language of Section 547(b) may be separated into the following "elements" that must be established for a payment to be found to be preferential. The trustee may avoid the transfer of a debtor's interest in property –

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>     (A) on or within 90 days before the date of the filing of the petition;
> * * * * *
> (5) that enables such creditor to receive more than such creditor would receive if –
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). A debtor has the burden of establishing each of these elements. 11 U.S.C. § 547(g). As discussed below, Debtor in the within case has established all of the elements required to avoid the prepetition transfer to Barbush.

As to the first element, it is undisputed that Debtor transferred $6,250.00 to the Wix firm in settlement of a judgment entered against Debtor. Barbush asserts that the transfer at issue was not made *to her*, but rather to her attorney, who then transferred a lesser amount to her after deducting his fee. However, Barbush does not appear to dispute (and it appears to be

4

indisputable) that while the transfer was not made *to* her, it was made *for her benefit*, and that she is a creditor of the Debtor. Therefore, Debtor has clearly established the first element.[4]

The transfer must have occurred on account of an "antecedent" debt. The Bankruptcy Code does not define the term, but courts have held that a debt is "antecedent" for preference avoidance purposes if it was incurred before the alleged preferential transfer was made. *In re Ramba, Inc.*, 416 F.3d 394 (5th Cir. 2005). It is undisputed that the payment made by Debtor to Barbush's attorneys was part of the settlement of Barbush's lawsuit against Debtor. The debt is antecedent because the obligation to Barbush arose before the payment was transferred to the Wix firm. Therefore, the second element is satisfied.

Debtor must establish that the payment to Barbush was made while Debtor was insolvent. Section 547(f) states that "[f]or the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). *See, also*, *Ramba*, 416 F.3d at 403.[5] Barbush attempts to rebut the presumption that Debtor was insolvent on the date of the transfer through allegations in the objection to the motion for summary judgment. She states that there were "unanswered interrogatories to Plaintiffs [sic] regarding Schedule B lists of assets which will uncover assets previously overlooked that may possibly have a substantial fair market value." (Defendant's

---

[4]In her brief, Barbush makes reference to 11 U.S.C. §550(b), under which the right of recovery is limited when the transferee takes in good faith and for equivalent value. However, this section applies only to subsequent transferees and not the initial transferee or the entity for whose benefit the transfer was made. See 11 U.S.C. § 550(a)(1)

[5]With reference to a corporation, "insolvent" means that the sum of its debts is greater than the sum of its property at fair market value, excluding property fraudulently transferred. 11 U.S.C. § 101(32).

Objection to Plaintiffs'[sic] Motion for Summary Judgment, page 5 (unpaginated in original)). While this assertion suggests that Debtor has undisclosed assets, Barbush does not link the possible existence of assets to the required conclusion that Debtor was solvent at the time her debt was paid. Although the existence of factual disputes will preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *In re Paramount Citrus, Inc.* 268 B.R. 620, 624 (M.D. Fla. 2001) (citing *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980)). The Court concludes that Barbush's reference to unspecified "assets previously overlooked" does not raise a genuine issue of material fact sufficient to show that she can overcome the statutory presumption that Debtor was insolvent at the time of the transfer. Accordingly, Barbush has failed to offer sufficient evidence to rebut the presumption, and the Court concludes that the third element is satisfied.

In the instant case, there is no dispute that the transfer was made within ninety days before the date of filing of the petition, thus the fourth element is readily satisfied.

The fifth element of Section 547(b) requires the Court to perform a "liquidation analysis" to determine whether the creditor to whom the alleged preference was made received a greater return than she would have received had the case been one in Chapter 7 and the payment had not been made. Under Section 547(b)(5), Debtor was required to establish what Barbush would receive in a hypothetical Chapter 7 case. "Unless the estate is sufficient to provide a 100% distribution, any unsecured creditor . . . who receives a payment during the preference period is in a position to receive more than it would have received under a chapter 7 liquidation." *Whittaker v. Citra Trading Corp.*, 177 B.R. 265, 270 (Bankr. S.D. Ohio 1995)(quoting *Still v.*

*Rossville Bank*, 930 F.2d 458, 464-65 (6th Cir. 1991). Debtor's brief indicates, and Barbush does not dispute, that Debtor's assets were encumbered by liens totaling over $335,000.00. Debtor's schedules show that the value of those assets totaled approximately $16,000.00. Accordingly, if the case had been filed under Chapter 7 the lien holders would have been entitled to receive the entire value of Debtor's assets, and Barbush would have received nothing. By receiving the payment at issue, Barbush received more than she would have if Debtor had filed a Chapter 7 petition and the transfer had not been made.

All of the elements for the establishment of a preference have been established by Debtor, which is entitled to judgment as a matter of law, unless Barbush is able to establish that there is a genuine issue as to whether she may assert one of the defenses available under Section 547(c).

Barbush raises the "ordinary course" defense set forth in Section 547(c)(2). Where a transfer is (a) "in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee," (b) "made in the ordinary course of business or financial affairs of the debtor and the transferee," and (c) "made according to ordinary business terms," it is insulated from avoidance. 11 U.S.C. § 547(c)(2)(A)-(C). "This exception was designed to leave undisturbed normal commercial and financial relationships and protect recurring, customary credit transactions which are incurred and paid in the ordinary course of business of both the debtor and the debtor's transferee." *Kleven*, 334 F.3d at 642 (internal quotations omitted). Barbush argues that this defense is available to her because the payment she received included interest, and interest is ordinarily paid by a debtor to a creditor in a commercial transaction.

Barbush's argument demonstrates her misunderstanding of the "ordinary course" exception. While it may be said that interest payments commonly are included in connection with installment payments of debt in the ordinary course of business between a debtor and a creditor, it does not follow that any payment that includes interest is made in the ordinary course of the debtor's business. The pleadings indicate that the payment was made in connection with the settlement of a lawsuit,[6] which suggests that the transfer was not "made according to ordinary business terms" in a "normal commercial relationship."[7] Thus, the "ordinary course" exception is inapplicable to the transfer in question. For these reasons, the Court concludes that the payment at issue was a preferential payment as defined by 11 U.S.C. § 547(b).

    *c.*    *Recovery of the transfer under 11 U.S.C. § 550(a)*

Having determined that the transfer is avoidable as a preference, the Court must determine whether recovery from Barbush under 11 U.S.C. § 550 is appropriate. *See In re Spinnaker Industries*, 328 B.R. 755 (Bankr. S.D. Ohio 2005) ("[A]voidance and recovery are distinct concepts and processes. . . . [I]f a transfer is preferential under § 547(b) . . . the Court then must look to § 550(a) to determine from whom the trustee may recover either the property transferred or its value.").

An avoided transfer may be recovered from "the initial transferee of such transfer or the entity for whose benefit such transfer was made" or from "any immediate or mediate transferee."

---

[6] On March 10, 2005, a state court entered judgment in favor of Barbush and against Debtor. The instant debt was created in May 2005 when the parties agreed to settlement in satisfaction of the judgment.

[7] In a somewhat different context, Barbush herself asserts in her brief that the transfer at issue was "abnormal."

8

11 U.S.C. § 550(a). A trustee or debtor in possession may pursue one party or any combination of these parties for the full amount of the transfer, but is limited to a single satisfaction. 11 U.S.C. § 550(a)(d).

In this case, it is undisputed that Debtor made a payment of $6,250.00 to the Wix firm and that the funds were deposited into the firm's client escrow account. The Wix firm then transferred $3,608.26 of the payment from the escrow account to Barbush and retained the balance for its fees. The payment was made to the Wix firm as counsel for Barbush, who is "the entity for whose benefit the transfer was made" under Section 550(a)(2).[8] "If the recipient of debtor funds was the initial transferee, the bankruptcy code imposes strict liability and the bankruptcy trustee may recover the funds." *In re Red Dot Scenic, Inc*. 351 F.3d 57, 58 (2d Cir. 2003). But strict liability also extends to parties beyond the initial recipient. "Section 550(a)(1) groups initial transferees with 'entit[ies] for whose benefit such transfer was made' and subjects both groups to strict liability." *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 130 F.3d 52, 57 (2d Cir. 1997), *cert. denied*, 524 U.S. 912, 118 S.Ct. 2295, 141 L. Ed. 2d 154 (1998). Having determined that Barbush is an "entity for whose benefit" the

---

[8]Although the Wix firm technically was the first entity to receive the payment, it is not the "initial transferee" within the meaning of Section 550(a)(1) because the firm did not have the right to control the use of the funds. *See In re Lifecare Technologies, Inc.*, 305 B.R. 88, 92 (Bankr. M.D. Fla. 2003); Debtor has not sought to avoid the transfer to the Wix firm.

9

Debtor made the transfer, I reluctantly conclude that she is liable to the Debtor for the full amount of the payment. An appropriate order follows.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: December 23, 2005

*This electronic opinion is signed and filed on the same date.*